## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

TIMOTHY P. VON SCHEELE,    )
                      )
        Plaintiff,       )
                      )
    vs.             )
                      )    CV. NO. SA-12-CV-00690-DAE
WELLS FARGO BANK, N.A., ITS  )
SUCCESSORS, ASSIGNS, AND    )
PREDECESSORS IN INTEREST,  )
                      )
        Defendant.     )
_____ )

### ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING PLAINTIFF'S FIRST AMENDED REQUEST FOR PRELIMINARY INJUNCTION

        Before the Court is the Motion for Summary Judgment (Dkt. # 30) brought by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and the First Amended Request for Preliminary Injunction (Dkt. # 16) brought by Plaintiff Timothy P. von Scheele ("Plaintiff"). After reviewing the motions and the supporting and opposing memoranda, the Court **GRANTS** Wells Fargo's Motion for Summary Judgment and **DENIES** Plaintiff's First Amended Request for Preliminary Injunction.

1

BACKGROUND

On July 25, 2006, Plaintiff's then-wife, Karen von Scheele, executed a promissory note payable to Nabers Mortgage, Inc. in the amount of $153,600.00 (the "Note").[1] ("MSJ," Dkt. # 30, Ex. A-1.)  On the same day, both Karen von Scheele and Plaintiff executed a Deed of Trust granting a security interest in the property located at 16434 Pemoak Drive, San Antonio, Texas, 78240 (the "Subject Property") to lender Nabers Mortgage, Inc.  (Id. Ex. A-2.)  The Deed of Trust listed Mortgage Electronic Registration Systems, Inc. ("MERS") as "beneficiary" acting "solely as a nominee for Lender and Lender's successors and assigns."  (Id.)  Wells Fargo became the "holder" of the Note on or around August 28, 2006 and, soon thereafter, the servicer of the mortgage loan.[2]  (MSJ, Ex. A.)

There is no dispute that, by 2009, Karen von Scheele had fallen behind on the mortgage payments for the Subject Property.  (See id. Exs. A-3, A-4, A-8; Dkt. # 16-1.)  On January 18, 2009, Wells Fargo notified Karen von Scheele that the loan was in default and that $3,658.57 was due by February 17, 2009 to

---

[1] Plaintiff was not a signator or party to the Note.  (See Dkt. # 30, Ex. A-1.)

[2] Plaintiff has presented no evidence to the contrary; in fact, Plaintiff acknowledged in his pleadings that "Defendant and/or its successors in interest are the current holder and/or servicer of the Note for the purchase of Plaintiff's homestead."  (Dkt. # 1, Ex. B-2.)

avoid acceleration of the debt.  (MSJ, Ex. A-3.)  Wells Fargo never received this

payment.  (Id. Ex. A.)  On August 4, 2010, Brice, Vander Linden & Wernick, P.C.,

counsel for Wells Fargo, notified both Karen von Scheele and Plaintiff of Wells

Fargo's intent to pursue foreclosure unless default was cured by payment of

$27,472.35.  (Id. Ex. B-1.)  Neither Plaintiff nor Karen von Scheele ever tendered

this amount to Wells Fargo.  (Id. Ex. A-3.)

       In 2010, Plaintiff and Karen von Scheele began the process of

obtaining a divorce.  (See id. Ex. C.)  On July 22, 2011, a Final Decree of Divorce

was entered in the 307th Judicial District Court, Gregg County, Texas in Cause No.

2010-2403-DR (the "Divorce Decree").  (Id.)  The court awarded the Subject

Property to Karen von Scheele "as her sole and separate property" and divested

Plaintiff "of all right, title, interest, and claim in and to that property."  (Id.)

       Following the divorce, on January 23, 2012, MERS assigned the Deed

of Trust to "Wells Fargo Bank, NA DBA Americas Servicing Company."  (Id. Ex.

A-4 (conveying all "beneficial interest under the Deed of Trust").)  The assignment

was recorded in the Bexar County Clerk's Office on February 8, 2012.  (Id.)  On

March 2, 2012, Wells Fargo filed an Appointment of Substitute Trustee in the Real

Property Records of Bexar County, Texas.  (Id. Ex. B-2.)

On July 3, 2012, Plaintiff filed a petition against Wells Fargo in the 224th Judicial District Court of Bexar County, Texas, seeking a temporary restraining order to prevent the foreclosure sale of the Subject Property.  (Dkt. # 1, Ex. B-2.)  The state-court petition also brings causes of action for an accounting and for breach of contract.  (See id. ¶¶ 8–11.)  On July 17, 2012, Wells Fargo removed the lawsuit to this Court on the basis of diversity jurisdiction.  (Dkt. # 1.)

In a letter dated September 26, 2012, counsel from Brice, Vander Linden & Wernick, P.C. notified Karen von Scheele and Plaintiff of Wells Fargo's intent to pursue non-judicial foreclosure.  (MSJ, Ex. B-3.)  The letter included notice that Wells Fargo had accelerated the mortgage debt and the date set for the impending foreclosure sale.  (Id.)  On November 6, 2012, Deborah Martin, acting as the Substitute Trustee, conducted a foreclosure sale of the Subject Property.  (Id. Ex. B-4.)  Wells Fargo was the successful bidder at that sale.  (Id.)

On the same day the foreclosure sale took place, Plaintiff filed a Request for a Temporary Restraining Order and Preliminary Injunction to prevent the foreclosure sale.  (Dkt. # 11.)  In his motion, Plaintiff represented that he was awarded the Subject Property "as his sole and separate property" in the Divorce Decree.  (Id.)  The Court denied without prejudice Plaintiff's motion as untimely filed.  (Dkt. # 12.)

On November 20, 2012, Plaintiff filed a Motion For Leave of Court to Amend Pleadings and a First Amended Request for Preliminary Injunction. (Dkts. ## 15, 16.) Wells Fargo filed a Response in opposition to Plaintiff's motion for a preliminary injunction. (Dkt. # 22.) On December 17, 2012, the Court denied Plaintiff's Motion for Leave of Court to Amend Pleadings because the deadline set by the Scheduling Order for amendment of pleadings had expired and because Plaintiff had argued amendment was necessary to respond to a Rule 12(b) motion to dismiss, despite the fact that Wells Fargo had not filed any such motion. (Dkt. # 23.)

On March 1, 2013, Wells Fargo filed a Motion for Summary Judgment. (MSJ.) On the same day, Plaintiff filed a Motion to Compel, requesting that the Court order Wells Fargo to produce certain discovery documents. (Dkt. # 31.) On March 4, 2013, Plaintiff's counsel filed a Motion to Withdraw as Attorney, which the Court granted. (Dkts. ## 32, 33.) The Magistrate Judge denied as moot Plaintiff's Motion to Compel because Wells Fargo had produced the documents sought by Plaintiff. (Dkt. # 35.) Although advised by his former counsel that a response to Wells Fargo's Motion for Summary Judgment was due by March 14, 2013, Plaintiff never filed any such response. (See Dkt. # 32.)

On July 31, 2013, the Court held a hearing on Wells Fargo's Motion for Summary Judgment and on Plaintiff's First Amended Request for Preliminary Injunction. At the hearing, Plaintiff indicated that he possessed title to the Subject Property despite the Divorce Decree. Additionally, he asserted that he had entered into a loan modification agreement with Wells Fargo and that he had made the requisite payments under that agreement prior to the foreclosure sale. The Court continued the motions for a thirty-day period to allow Plaintiff time to provide a copy of the loan modification agreement, evidence of any payments made to Wells Fargo pursuant to that agreement, and documentation establishing Plaintiff possessed title to the Subject Property. More than thirty days have elapsed since the hearing, and Plaintiff has failed to timely submit any additional evidence.[3] Accordingly, the Court now decides Wells Fargo's Motion for Summary Judgment and Plaintiff's First Amended Request for a Preliminary Injunction based on the evidence contained in the record.

## STANDARD OF REVIEW

Summary judgment is granted under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact

---

[3] On September 17, 2013, Plaintiff filed a last-minute request for a hearing, promising to "provide previously requested documentation" at the hearing. (Dkt. # 39.) The Court denied the request as untimely. (Dkt. # 40.)

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

see also Cannata v. Catholic Diocese of Austin, 700 F.3d 169, 172 (5th Cir. 2012).

The main purpose of summary judgment is to dispose of factually unsupported

claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

The moving party bears the initial burden of demonstrating the

absence of any genuine issue of material fact.  Id. at 323.  If the moving party meets

this burden, the non-moving party must come forward with specific facts that

establish the existence of a genuine issue for trial.  ACE Am. Ins. Co. v. Freeport

Welding & Fabricating, Inc., 699 F.3d 832, 839 (5th Cir. 2012).  In deciding

whether a fact issue has been created, "the court must draw all reasonable

inferences in favor of the nonmoving party, and it may not make credibility

determinations or weigh the evidence."  Reeves v. Sanderson Plumbing Prods.,

Inc., 530 U.S. 133, 150 (2000).  However, "[u]nsubstantiated assertions,

improbable inferences, and unsupported speculation are not sufficient to defeat a

motion for summary judgment."  Brown v. City of Hous., 337 F.3d 539, 541 (5th

Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no 'genuine issue for trial.'"

Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

(quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

7

DISCUSSION

In its Motion for Summary Judgment, Wells Fargo contends that Plaintiff lacks standing to bring the claims contained in the state-court petition because he does not own the Subject Property. Wells Fargo also argues that, even taking the evidence in a light most favorable to Plaintiff, Plaintiff's claims for breach of contract and an accounting fail as a matter of law.

I.     Standing

By definition, standing goes to the "case or controversy" limitation on federal court jurisdiction. Barrett Computer Servs., Inc. v. PDA, Inc., 884 F.2d 214, 218 (5th Cir. 1989). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute." Warth v. Seldin, 422 U.S. 490, 498 (1975). Federal standing jurisprudence "contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004) (citations omitted) (internal quotation marks omitted).

8

In this case, Wells Fargo challenges Plaintiff's prudential standing. Prudential standing concerns (1) whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, (2) whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and (3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.  St. Paul Fire & Marine Ins. Co. v. Labuzan, 579 F.3d 533, 539 (5th Cir. 2009).  Often, prudential standing "turns on the nature and source of the claim asserted" and goes to whether the law "on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."  See Warth, 422 U.S. at 500.

Under Texas law, in order to contest a bank's foreclosure under a deed of trust, a party must, at the time of the foreclosure, either (1) be the mortgagor under the deed of trust or be in privity with the mortgagor, or (2) have an ownership interest in the property affected by the foreclosure.  See Ursic v. NBC Bank S. Tex., N.A., 827 S.W.2d 334, 336 (Tex. App. 1991).

Here, Plaintiff has no direct interest in the Deed of Trust or the Subject Property.  Although Plaintiff was originally a party to the Deed of Trust, he was divested of all interest in the Subject Property pursuant to the July 2011

9

Divorce Decree.  To the extent Plaintiff previously represented in his motion for a

preliminary injunction that the Subject Property was awarded to him as his "sole

and separate property" in the Divorce Decree, he has not produced any evidence to

support this contention; in fact, it is directly controverted by the Divorce Decree

itself.  Moreover, Plaintiff has not provided any evidence indicating that he

obtained a legal interest in the Subject Property following the Divorce Decree.

Finally, Plaintiff makes no argument that he is somehow a third-party beneficiary

of the mortgage.  Thus, Plaintiff lacks standing to bring the claims contained in his

state-court petition—namely, claims for breach of contract and an accounting.

Accordingly, Wells Fargo is entitled to summary judgment on Plaintiff's claims.

II.     Plaintiff's Claims Fail as a Matter of Law

            Even if Plaintiff had standing to bring the claims contained in his

state-court petition, for the reasons discussed below, those claims fail as a matter of

law.

        A.      Breach of Contract

            In the state-court petition, Plaintiff brings a claim for breach of

contract, averring that Wells Fargo breached the terms of the mortgage by:

> I-breaking the terms of the agreement materially; II-counseling the
> Plaintiff to enter into default and therein creating the basis for

foreclosure; III-offering a "modification plan" to the Plaintiff with no
actual intent to modify the mortgage made the basis of this suit;
IV-violating Chapter 12 of the Civil Practice and Remedies Code by
filing documents that are misleading, false or materially
misrepresenting facts to the County Clerk's Office that the Defendant
knows to be untrue.

(Dkt. # 1, Ex. B2 ¶ 11.)  As a result of this alleged breach, Plaintiff asserts that

Wells Fargo owes him "damages equal to the sum made the basis of [Wells

Fargo's] claims for default."  (Id.)

          In Texas, the elements of a breach of contract claim are: "(1) a valid

contract; (2) the plaintiff performed or tendered performance; (3) the defendant

breached the contract; and (4) the plaintiff was damaged as a result of the breach."

Richter v. Wagner Oil Co., 90 S.W.3d 890, 898 (Tex. App. 2002).  "A breach of

contract occurs when a party fails to perform an act that it has expressly or

impliedly promised to perform."  Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.,

184 S.W.3d 760, 769–70 (Tex. App. 2005).

          Plaintiff's claim fails because he cannot establish the second element

of a cause of action for breach of contract—namely, that he complied with his

contractual obligations under the Deed of Trust.  There is no dispute that, as of

January 2009, the mortgage loan was in default because Karen von Scheele and

Plaintiff failed to make the payments required by the Deed of Trust and the Note.

There is also no dispute that neither Plaintiff nor Karen von Scheele ever tendered the amount necessary to bring the loan current.  "It is a well[-]established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotation marks omitted).  Thus, Plaintiff's claim for breach of contract fails as a matter of law on this basis.

        Additionally, Plaintiff has failed to establish the third element of a cause of action for breach of contract—namely, that Wells Fargo breached the terms of the mortgage.  In the state-court petition, Plaintiff lists several grounds for breach of contract.  First, Plaintiff asserts that Wells Fargo "[broke] the terms of the agreement materially."  (Dkt. # 1, Ex. B2.)  However, this is merely a conclusory statement unsupported by any factual allegations or by any evidence. Plaintiff also contends that Wells Fargo "counsel[ed] the Plaintiff to enter into default and therein creating the basis for foreclosure" and "offer[ed] a 'modification plan'" to Plaintiff with no actual intent to modify the mortgage.  (Id.) However, neither of these assertions relate to any provision of the Note or Deed of Trust and therefore do not support a breach of contract claim.  Lastly, Plaintiff argues that "Defendant violat[ed] Chapter 12 of the Civil Practice and Remedies Code by filing documents that are misleading, false or materially misrepresenting

facts to the County Clerk's Office that the Defendant knows to be untrue." (Id.)

Again, this does not appear to violate any provision of the mortgage contract

itself.[4]  Thus, Plaintiff has failed to satisfy the elements of a claim for breach of

contract; accordingly, Wells Fargo is entitled to judgment as a matter of law with

respect to this claim.

> B.   Claim for an Accounting

Plaintiff also appears to bring a claim for an accounting, asserting that

Wells Fargo "wrongfully maintained its record of payment" and therefore "should

account for the totals it alleges to be owed." (Dkt. # 1, Ex. B2 ¶¶ 8–11.)

On summary judgment, Wells Fargo contends that an action for an

accounting is not an independent cause of action. (MSJ at 30.)  Consistent with

this argument, some federal district courts have found that an accounting is merely

a remedy, not an independent cause of action.  See, e.g., Barcenas v. Fed. Home

Loan Mortg. Corp., No. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24,

---

[4]  To the extent Plaintiff may be asserting a separate claim for a violation of Chapter 12 of the Texas Civil Practice and Remedies Code, this claim fails. Plaintiff has offered no evidence to support such a cause of action and, indeed, it is unclear which documents Plaintiff is even alleging were fraudulently filed with the Bexar County Clerk's Office.

2013) ("The Court concludes that accounting is a remedy, not a cause of action, and cannot stand as an independent claim.").

However, at least some Texas appellate courts have found that "[a]n action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." See Michael v. Dyke, 41 S.W.3d 746, 754 (Tex. App. 2001).  An action for an accounting is proper "when the facts and accounts presented are so complex that adequate relief may not be obtained by law." Hutchings v. Chevron U.S.A., 862 S.W.2d 752, 762 (Tex. App. 1993) (citing Richardson v. First Nat'l Life Ins. Co., 419 S.W.2d 836, 838 (Tex. 1967)).  Nonetheless, when a party can obtain adequate relief "through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n, 79 S.W.3d 712, 717–18 (Tex. App. 2002). Granting an accounting is within the discretion of the trial court.  Sw. Livestock & Trucking Co. v. Dooley, 884 S.W.2d 805, 809 (Tex. App. 1994).

Here, Plaintiff has not established that the facts and accounts at issue are so complex that he could not obtain adequate relief through the use of standard discovery procedures.  Additionally, to be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from whom

14

the plaintiff seeks the accounting.  T.F.W. Mgmt., Inc., 79 S.W.3d at 717.  As

described above, following his divorce, Plaintiff was divested of all interest in the

Subject Property and now lacks a fiduciary or contractual relationship with Wells

Fargo.  Moreover, Plaintiff's only other cause of action—namely, his claim for

breach of contract—fails.  Accordingly, the Court determines that Wells Fargo is

entitled to summary judgment on this claim.

III.   Injunctive Relief

        Plaintiff's First Amended Request for a Preliminary Injunction also

fails.  To obtain a preliminary injunction, a plaintiff must demonstrate:

> (1) a substantial likelihood of success on the merits of the movant's
> claims; (2) a substantial threat that movant will suffer irreparable
> injury if the injunction is not granted; (3) the threatened injury to the
> movant outweighs any harm that the other party might suffer if the
> injunction is entered; and (4) an injunction will not disserve the public
> interest.

Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (citing Canal Auth. v.

Callaway, 489 F.2d 567, 572 (5th Cir. 1974)).  Injunctive relief is "an

extraordinary and drastic remedy"; it should only be granted when the movant has

clearly carried the burden of persuasion.  Id. (citing Holland Am. Ins. Co. v.

Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985)).

15

For the reasons given above, Plaintiff's two causes of action fail as a matter of law.  Injunctive relief is, accordingly, inappropriate.

IV.   <u>Wells Fargo's Claim for Attorneys' Fees</u>

Wells Fargo asserts that it is "entitled to recover its attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 as well as pursuant to the terms of the Note and Deed of Trust."  (MSJ at 13.)  Counsel for Wells Fargo, Richard A. Illmer, has provided an affidavit asserting that $21,459.50 in attorneys' fees is reasonable in view of the amount in controversy and the nature of the lawsuit.  (<u>Id.</u> Ex. E.)

Section 37.009 of the Texas Civil Practice and Remedies Code authorizes an award of attorneys' fees to the prevailing party in a declaratory judgment action.  <u>Cardiac Perfusion Servs., Inc. v. Hughes</u>, 380 S.W.3d 198, 211 (Tex. App. 2012); <u>see also</u> <u>Assicurazioni Generali SpA v. Crown Cent. Petroleum Corp.</u>, No. H–94–0209, 1998 WL 476462, at *9 (S.D. Tex. June 5, 1998) ("The Texas courts have construed section 37.009 to be limited to parties to a declaratory judgment complaint.").  In this case, Plaintiff does not seek declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code, also known as the Texas Uniform Declaratory Judgment Act.  Similarly, Wells Fargo has not brought any counterclaims for declaratory judgment, despite seeking attorneys' fees under

§ 37.009 in its Answer.  (<u>See</u> Dkt. # 1, Ex. B-7.)  Moreover, in federal court, "a party may not rely on the Texas [Uniform Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law."  <u>Utica Lloyd's of Tex. v. Mitchell</u>, 138 F.3d 208, 210 (5th Cir. 1998).  Thus, Wells Fargo's claim for attorneys' fees under Chapter 37 of the Texas Civil Practice and Remedies Code fails.

       Wells Fargo also asserts that it is entitled to reasonable attorneys' fees pursuant to the Deed of Trust and the Note.[5]  However, Wells Fargo cites no legal authority for this proposition and fails to discuss the actual terms of the Deed of Trust and Note or to explain why those terms would permit Wells Fargo to collect reasonable attorneys' fees in connection with this action.  Additionally, the Court is unable to determine from Mr. Illmer's affidavit whether the amount of requested attorneys' fees is reasonable.  The affidavit merely states a lump sum amount which counsel determined based on "the time and labor required," among other factors.  It is unclear how Wells Fargo actually arrived at this sum because counsel has not provided how many hours were spent working on the case, identified what work was performed by whom, or supplied any supporting documentation such as

---

[5] The Court notes that Wells Fargo did not seek attorneys' fees on this basis in its Original Answer and Affirmative Defenses.  (Dkt. # 1-10.)

17

billing records.  Thus, Wells Fargo has not met the burden of establishing its

entitlement to attorneys' fees.  See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)

("[T]he fee applicant bears the burden of establishing entitlement to an award and

documenting the appropriate hours expended and hourly rates.").  Accordingly,

Well Fargo's request for attorneys' fees is DENIED WITHOUT PREJUDICE as to

re-submission with a discussion of the legal basis for the request and with detailed

proof of the attorneys' fees incurred.

CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's Motion

for Summary Judgment (Dkt. # 30) and DENIES Plaintiff's First Amended

Request for Preliminary Injunction (Dkt. # 16).  Well Fargo's request for

attorneys' fees is DENIED WITHOUT PREJUDICE.  If Wells Fargo chooses to

resubmit its request for attorneys' fees, it must do so within fourteen (14) days of

the date of this Order.

IT IS SO ORDERED.

DATED: San Antonio, Texas, September 23, 2013.

_____
David Alan Ezra
Senior United States District Judge

18